In the Matter of the Estate of WILLIAM KRAMER, Deceased.

Surrogate's Court, New York County, June 21, 1926.

Executors and administrators — revocation of letters testamentary — executor deposited funds of estate in bank account in name of personal employee in violation of Surrogate's Court Act, § 231 — violation covered period of six years — fact that executor made advances for use of estate out of his personal funds does not excuse his disobedience of his statutory duties — letters revoked pursuant to Surrogate's Court Act, § 104, subd. 7.

Letters testamentary of an executor, who, in violation of section 231 of the Surrogate's Court Act, deposited funds of an estate in a bank account in the name of a personal employee, who was apparently without financial responsibility, should be revoked, pursuant to subdivision 7 of section 104 of the Surrogate's Court Act, which makes a violation of the duty to deposit the funds of an estate in the name of the executor a cause for the revocation of letters or the removal of the executor. The fact that the executor made alleged advances for the benefit of the estate from his personal funds does not excuse his disobedience of his statutory duties, particularly where the violation is not isolated, but continued for a period of six years.

PETITION for revocation of letters testamentary on the ground that the executor did not maintain the estate moneys in a bank account in his name as executor.

*Murray, Aldrich & Roberts,* for the Equitable Trust Company of New York, petitioner.

*Bruce Ellison,* for William Kramer, Jr.

FOLEY, S. It appears from the testimony taken by the referee that the respondent, executor, deposited the funds of the estate in a bank account in the name of a personal employee in violation of the provisions of section 231 of the Surrogate's Court Act, which requires an executor to maintain the estate moneys in a bank account in his name as executor. The individual chosen by him was apparently without financial responsibility and the trust funds were thereby imperilled. In addition her funds and his personal funds were mingled in this same account. On the hearing for the revocation before me both sides rested on the testimony given in the reference and upon the petition and answer herein.

It also appears that this violation was not isolated but was continued for a period of six years by the respondent. The duty imposed upon fiduciaries by section 231 of the Surrogate's Court Act is based upon sound public policy. It is a salutary protection to beneficiaries of estates. It tends to prevent diversion and defalcations by representatives of estates. It prevents the mingling of trust funds. It furnishes in many cases effective means of tracing the trust property. It earmarks the trust funds and affords an opportunity for beneficiaries to verify the receipts and disbursements of the executor, administrator, guardian or trustee. Its effect is to charge third persons dealing with a representative with knowledge that the funds of the estate are being used for a particular purpose which may be hostile to the trust. Under section 104 of the Surrogate's Court Act, subdivision 7, a violation of the duty to deposit the funds in the name of the executor is a cause for the revocation of letters or the removal of the executor without even the necessity of citation to him. In the estate here involved, the contention of the executor that he was entitled to use the funds of the estate to reimburse himself for alleged advancements made by him in no way excuses his disobedience of his statutory duties. The duty still existed to make the deposits in a legal manner. The statute is plain. Its violation is not only a ground for removal, but also a misdemeanor. The fact that it was violated is not disputed by the respondent and his answer furnishes no adequate explanation or excuse for his misconduct.

The letters testamentary are, therefore, revoked. Submit decree on notice accordingly.